UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Charlie Frazier Lawson,

                           Plaintiff,                    **MEMORANDUM & ORDER**
                                                                          23-CV-05800 (DG)
      -against-

5pointz/Safety Clean (Business); Fransico, *5pointz Manager*; and John, *Owner of 5pointz and Safety Clean*,

                           Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On June 20, 2023, Plaintiff Charlie Frazier Lawson, proceeding *pro se*, commenced this action in the United States District Court for the Southern District of New York against Defendants "5pointz/Safety Clean (Business);" "Fransico," 5pointz Manager; and "John," Owner of 5pointz and Safety Clean. *See generally* Complaint ("Compl."), ECF No. 1. Plaintiff also requested leave to proceed *in forma pauperis*. *See* ECF No. 2. By Order of Chief Judge Laura Taylor Swain of the United States District Court for the Southern District of New York dated July 24, 2023, the action was transferred to the United States District Court for the Eastern District of New York. *See* Transfer Order, ECF No. 3. Pending before the Court is Plaintiff's request to proceed *in forma pauperis*. *See* ECF No. 2.

        The Court grants Plaintiff's request to proceed *in forma pauperis* and, for the reasons set forth below, dismisses the Complaint but grants Plaintiff leave to file an Amended Complaint by July 15, 2024.

## BACKGROUND

        In the section of the Complaint titled "Legal Basis for Claim" and requiring, *inter alia*, a statement of "the federal legal basis for [Plaintiff's] claim," Plaintiff checks the box labeled

"Violation of my federal constitutional rights" and states: "Discrimination my job violated my 14th Amend[m]ent right against discrimination." *See* Compl. at 2.

In the section of the Complaint titled "Statement of Claim" and requiring, *inter alia*, a description of "what happened, how [Plaintiff was] harmed, and how each defendant was personally involved in the alleged wrongful actions," Plaintiff states:

> Dec 14th I started working with Safety Clean and 5pointz A month of me working at the job I notice only latino's working in one particular area in my work place I learn through co-workers these guys was getting 23 to 24 dollars an hour so I spoke with Fransico who is the manager and the owner of the building John and I ask if I could get a job with the guys working in that area. In January I was promise a job if any available came up from the owner and Fransico because of my good performance through out the building. I asked these guys on numerous occassion and I notice they started hiring more latino's after I asked In March I got a raise and later was terminate in April due to management issues. My 14th Amendent has been vialated in I want to sue my my rights protect me against discrimination in a job site.

*See* Compl. at 4 (original spelling and punctuation retained).[1]

In the section of the Complaint titled "Injuries" and calling for a description of injuries and medical treatment, if any, Plaintiff states, *inter alia*: "mentally I am damage I lost 5,000 within the time frame of losing my job and depress, lost of weight threats, pain suffering, lack of sleep." *See* Compl. at 5 (original spelling and punctuation retained).

Plaintiff seeks relief of $150,000. *See* Compl. at 5.

Subsequent to the filing of the Complaint, Plaintiff filed a letter in which he, *inter alia*, indicates that he "recently filed a complaint against 5pointz and management for discrimination, lost wages and pain and suffering;" "ask[s] the courts to bring in 5pointz Records of who they hired while [Plaintiff] was working with them," noting "that time frame was from Dec 14th until April 19th or 30th;" and states that he believes that "those documents will show that Fransico who

---

[1] Plaintiff does not allege the year in which he started "working with Safety Clean and 5pointz."

2

is 5pointz manager hired other [L]atino man knowing [Plaintiff] wanted to work with the [L]atino man he had working [separately] from [Plaintiff] in the building of 5pointz." *See* ECF No. 6 at 1-2.[2]

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Leybinsky v. Iannacone*, No. 97-CV-05238,

---

[2] Plaintiff filed two additional letters, in which he provided updated address information and requested information regarding the status of his case. *See* ECF Nos. 7, 8. The Court has considered all of Plaintiff's filings to date.

3

2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true.").

## DISCUSSION

### I. The Complaint is Dismissed

Plaintiff appears to seek to bring a claim – or claims – of employment discrimination. *See* Compl. at 1 (stating: "my job violated my 14th Amend[m]ent right against discrimination"), 4 (stating: "my 14th Amendment has been vi[o]lated . . . I want to sue . . . my rights protect me against discrimination in a job site"). However, the Complaint lacks clarity both with respect to the factual basis for any such claim(s) and with respect to the legal basis for any such claim(s).

In the Transfer Order, Chief Judge Swain of the Southern District of New York construed the Complaint as asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *See* Transfer Order at 1.

Title VII provides, *inter alia*:

It shall be an unlawful employment practice for an employer --

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).

Section 1981 provides, *inter alia*:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

Here, the Complaint, liberally construed, fails to state a claim under either Title VII or Section 1981.  Notably, the Complaint is devoid of any allegations about Plaintiff's "race, color, religion, sex, or national origin."  *See generally* Compl.  Further, the allegations in the Complaint fail to plausibly allege that any Defendant took any action *because of* Plaintiff's race, color, religion, sex, or national origin.  *See generally* Compl.

To the extent that the Complaint seeks to bring claims under either Title VII or Section 1981, any such claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice.

Further, to the extent that the Complaint seeks to bring claims under either the NYSHRL or the NYCHRL, the Court declines to exercise supplemental jurisdiction over such claims and such claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3), without prejudice.  *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 & n.7 (1988).

As set forth below, Plaintiff is afforded the opportunity to file an Amended Complaint.  To the extent that Plaintiff chooses to file an Amended Complaint, he must clearly set forth the factual basis for any discrimination claim(s) he seeks to bring and shall indicate the legal basis for any such claim(s).

**II.     Plaintiff is Granted Leave to Amend the Complaint**

The Court grants Plaintiff leave to file an Amended Complaint by July 15, 2024.  *See Banks v. Schumer*, No. 15-CV-01078, 2015 WL 1928795, at *1 (E.D.N.Y. Apr. 28, 2015) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999)).  Plaintiff is advised that any Amended Complaint will replace entirely the current Complaint.  Thus, any fact included in the current Complaint that Plaintiff seeks to have the Court consider when reviewing the

5

Amended Complaint must also be contained in the Amended Complaint. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear docket number 23-CV-05800.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed.[3]

Plaintiff is granted leave to file an Amended Complaint by **July 15, 2024**. If Plaintiff fails to file an Amended Complaint by **July 15, 2024**, judgment dismissing this action without prejudice shall be entered by the Clerk of Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail to Plaintiff: (1) a "Complaint for Employment Discrimination" form;[4] and (2) a copy of this Order.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: June 14, 2024
Brooklyn, New York

---

[3] In light of the above, Plaintiff's request regarding "5pointz Records," *see* ECF No. 6 at 1, is denied without prejudice.

[4] The complaint form used by Plaintiff was a form "designed primarily for prisoners challenging the constitutionality of their conditions of confinement." *See* Compl. at 2. However, it is evident from the Complaint that Plaintiff is not a prisoner seeking to challenge the constitutionality of his conditions of confinement. *See generally* Compl.

6